```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

TOWNSHIP OF WINSLOW,                   1:17-cv-2618 (NLH/KMW)

        Plaintiff,             **OPINION**

    v.

NEXTEL COMMUNICATIONS OF THE
MID-ATLANTIC, INC.
doing business as
NEXTEL, et al.,

        Defendants.

**APPEARANCES**:

ERIC J. RISO
PLATT & RISO, P.C.
40 BERLIN AVENUE
STRATFORD, NJ 08084
    On behalf of Plaintiff

BENJAMIN ISAAC RUBINSTEIN
JOHN M. MARMORA
K&L GATES LLP
ONE NEWARK CENTER, TENTH FLOOR
NEWARK, NJ 07102
    On behalf of Defendants

**HILLMAN, District Judge**

    This case concerns the alleged breach of a Communications Site Lease Agreement ("Lease") between Plaintiff the Township of Winslow and Defendant Nextel Communications of the Mid-Atlantic, Inc. ("Nextel"). Nextel leases space on a Township-owned water tank. For the reasons that follow, the Court will grant the motion in part and deny the motion in part.

**I.**

The Court takes the following facts from Plaintiff's February 21, 2017 Complaint. On April 29, 2004, Plaintiff and Nextel entered into the Lease in which Nextel leased space on a Township-owned water tank for placement or installation of Nextel equipment. The Lease provided for an initial term of five years, followed by four consecutive five-year renewal terms. Renewal occurred automatically absent notice from Nextel of its intent to not renew the Lease. The Lease became effective in May 2005. The Lease permitted termination prior to the expiration date only for delineated reasons and only upon thirty days written notice to the other party.

Under the Lease, Nextel was required to pay an initial rent of $1,750 a month. Upon renewal, that amount increased by fifteen percent. On May 20, 2010, the parties executed an amendment to the Lease, in which Plaintiff approved the sublease of a portion of the leased space to Clearwire to install a microwave dish. Under this amendment, the monthly rent increased by $250 a month.

Neither party terminated the Lease prior to the commencement of any renewal term, including the May 2010 renewal term and the May 2015 renewal term. Plaintiff claims Defendants breached the Lease on August 31, 2016 "by unilaterally terminating same without proper cause as required by and defined

in the termination provision of the Lease." When Plaintiff advised Defendants of the breach and demanded rent, Defendants refused to pay.

Plaintiff brings three counts in its complaint: (1) breach of contract, (2) breach of implied covenant of good faith and fair dealing, and (3) joint and several liability. The breach of contract count alleges that "Defendants were bound to the terms of the Lease until May 2020," that "Defendants did not provide sufficient justification under the terms of the Lease for its unilateral termination thereof," and that Defendants breached the Lease by "unilaterally terminating same in violation of the terms of the Lease."

This case was removed to federal court on April 14, 2017.[1] On May 5, 2017, Defendants filed a motion to dismiss.

## II.

When considering a motion to dismiss a complaint for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6), a court must accept all well-pleaded allegations in the complaint as true and view them in the light most favorable to the plaintiff. Evancho v. Fisher, 423 F.3d 347, 351 (3d Cir. 2005). It is well settled that a pleading is sufficient if it contains "a short

---

[1] This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332.

3

and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

Under the liberal federal pleading rules, it is not necessary to plead evidence, and it is not necessary to plead all the facts that serve as a basis for the claim. Bogosian v. Gulf Oil Corp., 562 F.2d 434, 446 (3d Cir. 1977). However, "the Federal Rules of Civil Procedure . . . do require that the pleadings 'give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" Baldwin Cty. Welcome Ctr. v. Brown, 466 U.S. 147, 149-50 n.3 (1984) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

A district court, in weighing a motion to dismiss, asks "not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claim." Bell Atl. v. Twombly, 550 U.S. 544, 563 n.8 (2007) (quoting Scheuer v. Rhoades, 416 U.S. 232, 236 (1974)); see also Ashcroft v. Iqbal, 556 U.S. 662, 684 (2009) ("Our decision in Twombly expounded the pleading standard for 'all civil actions' . . . ."); Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) ("Iqbal . . . provides the final nail in the coffin for the 'no set of facts' standard that applied to federal complaints before Twombly.").

### III.

Defendants' motion relies predominantly on three documents

attached to the motion papers but not to the initial complaint: the Lease, a July 7, 2016 letter purporting to terminate the Lease, and an August 16, 2016 letter further explaining the purported termination.  The Court begins its analysis by determining whether it can consider these documents in deciding this motion to dismiss.

"To decide a motion to dismiss, courts generally consider only the allegations contained in the complaint, exhibits attached to the complaint and matters of public record." Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993).  However, "a court may consider an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document."  Id.  The Court can further consider "a 'document integral to or explicitly relied upon in the complaint' . . . 'without converting the motion [to dismiss] into one for summary judgment.'"  In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997) (alteration in original) (quoting Shaw v. Dig. Equip. Corp., 82 F.3d 1194, 1220 (1st Cir. 1996)).

The Court easily finds it can consider the Lease in deciding this motion to dismiss.  Plaintiff's complaint states: "On April 29, 2004, the Township and Nextel entered into a [Lease] by which Nextel leased space on the Township-owned water

tank . . . ." All of Plaintiff's claims of liability and damages stem from the alleged breach of this Lease. Not only is it explicitly referenced in the complaint, but it is clearly integral in supporting Plaintiff's allegations. Accordingly, the Court will consider the Lease.

The Court similarly finds it can consider the July 7, 2016 and August 16, 2016 letters. While the complaint makes no explicit reference to these letters, the complaint indirectly refers to the letters in stating "Defendants breached the Lease by unilaterally terminating [it] without proper cause" and that "Defendants did not provide sufficient justification under the terms of the Lease for its unilateral termination thereof." While only indirect references, this Court concludes the complaint is still "based on" the letters, Pension Benefit Guar. Corp., 998 F.2d at 1196, and that the letters are "integral to or explicitly relied upon in the complaint," In re Burlington Coat Factory, 114 F.3d at 1426 (emphasis omitted) (quoting Shaw, 82 F.3d at 1220). In claiming breach of contract, Plaintiff clearly must plead some kind of breach, and the letters are what Plaintiff is arguing constituted the breach. Indeed, Plaintiff does not argue to this Court that the two letters should not be considered. Accordingly, this Court will consider the July 7, 2016 letter and the August 16, 2016 letter.

The Court now looks to Defendants' arguments in their

moving papers considering the Lease and both the July 7, 2016 and the August 16, 2016 letters.

**IV.**

Under New Jersey law, "[t]o state a claim for breach of contract, [a plaintiff] must allege (1) a contract between the parties; (2) a breach of that contract; (3) damages flowing therefrom; and (4) that the party stating the claim performed its own contractual obligations." Frederico v. Home Depot, 507 F.3d 188, 203 (3d Cir. 2007). The parties' arguments relate solely to the second element – the alleged breach of the Lease. While Plaintiff contends Defendants breached the Lease, Defendants contend they terminated the Lease.

Provision 10 governs termination of the Lease. It provides, in pertinent part: "This Agreement may be terminated without further liability on thirty (30) days prior written notice as follows: . . . (v) by Tenant if Tenant determines that the Premises are not appropriate for its operations for economic or technological reasons, including, without limitation, signal interference."

Defendants attempted to invoke this provision in the July 7, 2016 letter. The letter states: "Pursuant to Section 10 (v) of the above-referenced Agreement, this letter will serve as notice that Clearwire is exercising its right to terminate the Agreement, effective August 31, 2016 . . . ." The August 16,

7

2016 letter states that "Sprint is terminating the Clearwire lease pursuant to Section 10(v) which allows for a termination based on technological or economic reasons."

In determining the legal effect of the purported termination of the Lease, the Court first looks to who authored the July 7, 2016 and August 31, 2016 letters and whether they had authority under the Lease to terminate it.

The Court notes the parties often refer to actions of the three Defendants as one, although the complaint pleads, and Defendants acknowledge in their brief, that the three Defendants are separate entities. Plaintiff's complaint pleads "Nextel and Clearwire are divisions, affiliates, and/or subsidiaries of Sprint." In pleading joint and several liability, the complaint further states Sprint is "the parent company and/or leading affiliate of Nextel and Clearwire."

Defendants argue in their brief that "[n]either Sprint nor Clearwire is a party to the Lease" and that "Sprint and Clearwire are non-parties to the Lease and thus cannot be responsible for the breach." The Court agrees the Lease is clearly between Plaintiff and Nextel. There is no mention of Sprint or Clearwire in the April 29, 2004 Lease.

Defendants' argument that Sprint and Clearwire were not parties to the Lease and cannot be responsible for a breach appears in direct contention with their argument that the Lease

8

was terminated by way of the July 7, 2016 letter. The July 7, 2016 letter appears to be on Sprint letterhead. However, the letter states that "Clearwire is exercising its right to terminate the Agreement" (emphasis added). Nextel is only identified on the letter in the subject line. Further, the August 16, 2016 follow-up letter also appears to be on Sprint letterhead. It states "Sprint is terminating the Clearwire lease" (emphasis added). Again, Nextel is only identified in the subject line as the lessee. While both letters appear to try to terminate the Lease between Plaintiff and Nextel, neither letter appears to be from Nextel the party in privity with Plaintiff.

This Court finds it anomalous that Defendants can claim Sprint and Clearwire are non-parties to the Lease, when non-parties presumably would not have the power to terminate the Lease, but at the same time rely on letters appearing to have been sent from Sprint or Clearwire purporting to terminate the Lease. The Court finds, at this time, it cannot dismiss the breach of contract claim as Nextel, the party having the right to terminate the Lease, does not appear to have sent the July 7, 2016 letter purporting to terminate the Lease.[2]

---

[2] This Court makes no determination as to whether the letter would have effectively terminated the Lease if it had been from Nextel.

"Only a party to a contract can be found liable for breach of contract." DiGiacomo v. Statebridge Co., LLC, No. 14-6694, 2015 WL 3904594, at *8 (D.N.J. June 25, 2015); accord Jean Anderson Hierarchy of Agents v. Allstate Life Ins. Co., 2 F. Supp. 2d 688, 691 (E.D. Pa. 1998) ("As a general rule, a parent corporation, like any stockholder, is not normally liable for the wrongful acts or contractual obligations of a subsidiary even if or simply because the parent wholly owns the subsidiary."). It follows that only a party to a contract has the authority to terminate such contract, unless the terms of the contract state otherwise. Plaintiff and Nextel, based on the terms of the Lease, are the only parties to the Lease. The Court finds it inappropriate to grant Defendants' motion to dismiss at this time.[3] Accordingly, Count I of the complaint will not be dismissed.

**V.**

Count II of Plaintiff's complaint brings a claim for breach of the implied covenant of good faith and fair dealing. "Under New Jersey law, all contracts include an implied covenant that

---

[3] Plaintiff does not appear to contest that whichever entity sent the letters had the authority to terminate the Lease. Plaintiff, in fact, does not mention this inconsistency in its briefing at all. Nevertheless, the Court has an independent obligation to evaluate these documents, the merits of Plaintiff's complaint, and the merits of Defendants' arguments in support of their motion.

the parties to the contract will act in good faith." Pereira v. Azevedo, No. 12-907, 2013 WL 1655988, at *8 (D.N.J. Apr. 17, 2013). "This obligation to perform contracts in good faith has been interpreted in New Jersey to mean that 'neither party shall do anything which will have the effect of destroying or injuring the right of the other party to receive the fruits of the contract.'" Emerson Radio Corp. v. Orion Sales, Inc., 253 F.3d 159, 170 (3d Cir. 2001) (quoting Sons of Thunder, Inc. v. Borden, Inc., 690 A.2d 575, 587 (N.J. 1997)).

"Proof of 'bad motive or intention' is vital to an action for breach of the covenant." Brunswick Hills Racquet Club, Inc. v. Route 18 Shopping Ctr. Assocs., 864 A.2d 387, 396 (N.J. 2005). "An allegation of bad faith or unfair dealing should not be permitted to be advanced in the abstract and absent improper motive." Wilson v. Amerada Hess Corp., 773 A.2d 1121, 1130 (N.J. 2001). "Without bad motive or intention, discretionary decisions that happen to result in economic disadvantage to the other party are of no legal significance." Id.

"[I]n New Jersey[,] 'a party to a contract may breach the implied covenant of good faith and fair dealing in performing its obligations even when it exercises an express and unconditional right to terminate.'" Id. at 1126.

Defendants argue "Plaintiff does not . . . make any allegation of a bad motive other than that Defendants did not

provide sufficient justification for terminating the Lease or otherwise make any factual averments that would support a finding of bad-faith." This Court agrees. Plaintiff's only allegation regarding bad faith is its statement that the "acts by Defendants constitute a breach of the implied covenant of good faith and fair dealing and amount to bad faith, non-performance and breach by Defendants." The Court finds this insufficient to support a claim for breach of the implied duty of good faith and fair dealing. Accordingly, Count II of the complaint will be dismissed.

**VI.**

The Court will also dismiss Count III of the complaint, which asserts a cause of action for joint and several liability. Defendants argue "Plaintiff's inclusion of joint and several liability as a cause of action is . . . inappropriate . . . [and] should be dismissed." Plaintiff, in its opposition to the motion, "does not dispute that joint and several liability is not a separate, stand-alone cause of action."

The Court will dismiss Count III of the complaint as technically improper, as Defendants correctly argue joint and several liability is not a cause of action. See Bullock v. Ancora Psychiatric Hosp., No. 10-1412, 2011 WL 3651352, at *12 (D.N.J. Aug. 18, 2011) ("New Jersey's joint-and-several liability statute does not create an independent basis for tort

liability."). Accordingly, this Court will dismiss Count III of the complaint, but Plaintiff may still pursue joint and several liability against Defendants.

    An appropriate Order will be entered.

Date: December 18, 2017        s/ Noel L. Hillman
At Camden, New Jersey        NOEL L. HILLMAN, U.S.D.J.